IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RYDER TRUCK RENTAL, INC.,
a Florida corporation

        Plaintiff,

v.                                                        Case No.:

NATIONAL FIRE INSURANCE COMPANY
OF HARTFORD
an Illinois corporation

        Defendant.

## COMPLAINT FOR DECLARATORY RELIEF AND JUDGMENT

RYDER TRUCK RENTAL, INC., by and through its counsel, sues Defendant National Fire Insurance of Hartford, for declaratory relief and judgment as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, which grants jurisdiction to parties with diversity of citizenship and who meet the amount in controversy, and the Declaratory Judgment Act, 28 U.S.C. § 2201.

2. Ryder Truck Rental, Inc. ("Ryder") is a citizen of the state of Florida. Ryder is a business entity organized under the laws of Florida. Ryder's principal place of business is 11690 NW 105 Street, Miami, Florida, and it conducts business in the state of Wisconsin.

3. National Fire Insurance Company of Hartford ("National"") is a citizen of the state of Illinois. National is a business entity organized under the laws of Illinois. National's

principal place of business is 333 S. Wabash, Chicago, Illinois, and it conducts business in the state of Wisconsin. The Wisconsin registered agent for National is CT Corporation System, 8020 Excelsior Dr., Ste. 200, Madison, WI 53717.

4. Ryder is a party to a Truck Lease and Service Agreement ("TLSA") with Rockline Industries, Inc. ("Rockline"). A copy of the TLSA and Schedule A relating thereto are attached hereto as Exhibit "A".

5. National insures Rockline under its business auto liability insurance policy number BUA 4014107349, with a $1,000,000 policy limit, issued in the state of Wisconsin. A partial copy of the National policy is attached hereto as Exhibit "B".

6. The amount in controversy between the parties exceeds the jurisdictional requirement ($75,000).

7. Jurisdiction and venue are appropriate in this court.

## THE ACCIDENT, BODILY INJURY LAWSUIT AND TENDER

8. On October 9, 2013, Suvad Hadzic ("Hadzic") fell while exiting a semi-tractor and allegedly sustained bodily injuries (the "accident").

9. Hadzic was working for his employer Rockline at the time of the accident.

10. Rockline leased the semi-tractor from Ryder.

11. Hadzic sued Ryder System, Inc. ("Ryder System", an affiliate company of Ryder Truck Rental, Inc.) in Wisconsin state court (Sheboygan County) on December 11, 2014, alleging the accident was caused by Ryder's improper repair and/or maintenance of the tractor step. A copy of the Complaint is attached as Exhibit "C".

12. Hadzic served Ryder System with the state court lawsuit on or about January 7, 2015.

13. Ryder System tendered the suit to Rockline for coverage through its insurer(s) on or about January 27, 2015.

14. National (through its claims administrator CNA) advised Ryder System, Inc. on or about February 2, 2015, that it had received the Hadzic suit and that it was investigating coverage for Ryder System. National advised Ryder System that it "should take the necessary steps to protect Ryder in this litigation".

15. Ryder System removed the suit to this court by Notice of Removal filed Feb. 4, 2015.

16. By letter dated February 10, 2015, National denied Ryder System's tender of the Hadzic lawsuit on two grounds: National owed no coverage or defense to Ryder System (only Ryder Truck Rental, Inc.) and the suit alleged "independent negligence" against Ryder System.

17. By letter dated February 16, 2015, Ryder informed National that Ryder was the proper entity, that the plaintiffs' complaint had simply misnamed the correct defendant, and that the National policy covered Ryder by its expressed terms.

18. By letter dated February 25, 2015, National again denied Ryder's tender of the Hadzic lawsuit for the same reasons stated in its prior letter.

19. On March 13, 2015, the Hadzic lawsuit was amended and Ryder was added as the "proper" party defendant.

20. By letter dated March 18, 2015, Ryder informed National that the suit had been amended to name Ryder as the proper party defendant and that National was wrongfully denying coverage and a defense to Ryder.

21. National did not respond to Ryder's March 18 letter and has not acknowledged Ryder's defense or coverage for the Hadzic suit, forcing Ryder to bring this action to obtain the defense and coverage it is entitled to.

## THE RYDER/EXPEDITED FREIGHT TLSA

22. Paragraph 9 of the TLSA between Ryder and Rockline requires the party designated on the "Schedule A" to maintain "primary" automobile liability insurance for the leased vehicles and to designate the other party as an additional insured for the ownership, maintenance, use and operation of the leased vehicle. (See Ex. A ¶ 9.A.).

23. The Schedule A between Ryder and Rockline designates Rockline as the party responsible to maintain "primary" automobile liability insurance for the leased vehicles, including the semi-tractor Ryder leased to Rockline. (See Ex. A Schedule A ¶ 14).

## THE NATIONAL POLICY

24. The National policy requires National to pay all sums an insured legally must pay as damages because of bodily injury, to which the insurance applies, caused by an accident and resulting from the ownership, maintenance use or operation of a covered auto.

25. The semi-tractor leased to Rockline was a covered auto under the National policy.

26. The damages asserted in the Hadzic lawsuit are because of bodily injury as that term is defined in the National policy.

27. The damages asserted in the Hadzic lawsuit were caused by an accident as that term is defined in the National policy.

28. The National policy requires National to defend an insured against a lawsuit seeking damages covered by the policy.

29. The National policy contains the following two endorsement forms:

4

**POLICY CHANGES**
**LESSOR—ADDITIONAL INSURED AND LOSS PAYEE SCHEDULE**

**This Change Endorsement changes the Policy. Please read it carefully. This Change Endorsement is a part of your Policy and takes effect on the effective date of your Policy, unless another effective date is shown.**

CA2001  03/06

LESSOR ADDITIONAL INSURED AND LOSS PAYEE SCHEDULE

ADDITIONAL INSURED (LESSOR): ANY LESSOR THAT RENTS OR LEASES AN AUTO TO YOU

ADDRESS: IF ANY

DESIGNATION OR DESCRIPTION OF "LEASED AUTOS":
ANY LEASED AUTO AS DEFINED UNDER SECTION E


. . . . .

COMMERCIAL AUTO
CA 20 48 02 99

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**DESIGNATED INSURED**

This endorsement modifies insurance provided under the following:
    BUSINESS AUTO COVERAGE FORM
    GARAGE COVERAGE FORM
    MOTOR CARRIER COVERAGE FORM
    TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by this endorsement.

This endorsement identifies person(s) or organization(s) who are "insureds" under the Who Is An Insured Provision of the Coverage Form. This endorsement does not alter coverage provided in the Coverage Form.

5

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

**SCHEDULE**

**Name of Person(s) or Organization(s):**
ANY PERSON OR ORGANIZATION WHICH THE NAMED INSURED IS OBLIGATED TO PROVIDE INSURANCE WHERE REQUIRED BY A WRITTEN CONTRACT OR AGREEMENT.

Each person or organization shown in the Schedule is an "insured" for Liability Coverage, but only to the extent that person or organization qualifies as an "insured" under the Who Is An Insured Provision contained in **Section II** of the Coverage Form.

30. Ryder is an insured under the National policy for the claims asserted in the Hadzic lawsuit.

## **COUNT I – DECLARATORY JUDGMENT – NATIONAL**

31. Ryder re-alleges and adopts the allegations contained in paragraphs 1-30 as set forth above.

32. National is legally required to provide both liability coverage and a defense for Ryder against the Hadzic lawsuit.

33. National has refused Ryder's tender of the lawsuit, forcing Ryder to seek the declaratory relief set forth below.

34. By virtue of its wrongful denial of Ryder's tender of defense, National has now waived all available coverage defenses including any stated policy limits.

35. Ryder is entitled to a declaratory judgment establishing National's insurance contract obligation.

6

**WHEREFORE**, Ryder prays for the following relief:

A. A declaratory judgment that National policy number BUA 4014107349 provides "primary" liability coverage (in the limit amount of $1,000,000) to Ryder for the claims contained in the Hadzic lawsuit;

B. A declaratory judgment that National policy number BUA 4014107349 requires National to defend Ryder for the claims contained in the Hadzic lawsuit;

C. A declaratory judgment that National has, by its wrongful denial of Ryder's tender, waived any coverage defenses, including policy limits;

D. For any other relief this Court deems just and equitable under the circumstances.

Dated this 7th day of April, 2016

BY:    **/s/ [Shannon M. Trevithick]**
SHANNON M. TREVITHICK
WSBN 1043298
LARRY J. BRITTON
WSBN 1002776
BRITTON & ASSOCIATES, S.C.
1035 W. Glen Oaks Lane, Ste. 100
Mequon, WI 53092
P: 414.273.2900
F: 414.273.2905

7

Case 2:16-cv-00437-LA   Filed 04/07/16   Page 7 of 7   Document 1